UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER N. MONVILLE,                 Case No. 16-12195

          Plaintiff,                   Linda V. Parker

v.                                  United States District Judge

COMMISSIONER OF SOCIAL SECURITY,    Stephanie Dawkins Davis

                               United States Magistrate Judge

          Defendant.

_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 10, 14)**

## I.    PROCEDURAL HISTORY

    A.    <u>Proceedings in this Court</u>

On June 15, 2016, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Linda V. Parker referred this matter to the undersigned Magistrate Judge on June 20, 2016. (Dkt. 2). This matter is currently before the Court on cross-motions for summary judgment. (Dkt. 10, 14).

    B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claims for period of disability and disability insurance benefits on August 21, 2013, alleging disability beginning March 16,

2010. (Tr. 37).[1] Plaintiff's claim was initially disapproved by the Commissioner on September 25, 2013. (*Id*.). Plaintiff requested a hearing and on March 5, 2015, plaintiff appeared, along with her attorney, before Administrative Law Judge (ALJ) Andrew G. Sloss, who considered the case de novo. (Tr. 49-66). In a decision dated March 16, 2015, the ALJ found that plaintiff was not disabled. (Tr. 37-44). Plaintiff requested a review of this decision on March 24, 2015. (Tr. 32). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits,[2] the Appeals Council on May 20, 2016, denied plaintiff's request for review. (Tr. 1-3); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED**.

---

[1] The transcript of the Social Security proceedings, as cited to herein, may be found at Docket entry 7.

[2] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1977 and was 32 years old on the alleged onset date. (Tr. 52).  Plaintiff's last date insured was March 31, 2011.  (Tr. 39).  The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity from the onset date through the last date insured.  (*Id.*).  At step two, the ALJ found that plaintiff's neuropathy, Sacroiliitis and depression were medically determinable impairments but they did not, individually or combined, significantly limit her ability to perform basic work-related activities, and thus were not severe impairments.  (*Id.*).  Thus, the ALJ determined that plaintiff was not disabled between the alleged onset date, March 16, 2010 and the date last insured, March 31, 2011.  (Tr. 43).

### B.    Plaintiff's Claims of Error

Plaintiff's claim of error are that the ALJ failed to properly consider the gaps in her medical treatment and failed to properly evaluate plaintiff's statements concerning the intensity and persistence of her pain and other symptoms and the effect those symptoms had on her ability to work, solely because her symptoms are not supported by objective medical evidence.  (Dkt. 10, Pg ID 570).   Plaintiff argues her condition worsened after the award of benefits for a closed period for her left shoulder condition.  According to plaintiff, the ALJ did not find her

testimony regarding her symptoms credible because she failed to receive treatment for the condition from February 2008, through her date last insured, March 31, 2011.  Plaintiff argues that the ALJ erred in reaching this conclusion without considering her valid explanations that she did not seek treatment because she lacked health insurance and her daughter had a severe medical condition.  (Dkt. 10, Pg ID 571).

The plaintiff also asserts that the ALJ erred in concluding that he could not find an onset date between April 2008 and September 2012 because there was no medical evidence of record from that time period.  Plaintiff argues that the regulations permit the designation of a remote onset date when it is difficult to establish the precise onset date.  (Dkt. 10, Pg ID 571-72).

Plaintiff also draws attention to medical records from February 2013 which detail that plaintiff's shoulder condition improved after surgeries, but started to get worse "about two years ago," before her date last insured.  Plaintiff argues that nerve dysfunction in her shoulder, as well as degenerative conditions in her spine, which were evident in 2013 would have been present before that date.  (Dkt. 10, Pg ID 572).

Plaintiff also argues that the ALJ's finding of two conditions not found in the decision on the prior application must equate to a worsening of condition, thus rendering the ALJ's *Drummond* analysis was erroneous.

Plaintiff further contends that the ALJ did not properly assess the treating physician's opinion in failing to afford it controlling weight without good reason. The ALJ gave little weight to plaintiff's treating physician's opinion because it did not appear to address her condition prior to the date last insured. Plaintiff argues that this was error because the ALJ did not seek clarification of this from the treating physician, nor did he inquire as to whether inferences could be drawn from existing medical records as to what plaintiff's functional limitations were as of the date last insured.

Finally, plaintiff contends that the ALJ's credibility analysis was improper. Plaintiff argues that the ALJ erroneously discredited her testimony because of inconsistencies about her functional abilities and his mistaken belief that she returned to work after her closed period of benefits. (Dkt. 10, Pg ID 574).

In sum, plaintiff argues that remand in appropriate because her impairments were severe and that an RFC assessment was warranted.

C.    The Commissioner's Motion for Summary Judgment

The Commissioner contends that, in considering plaintiff's claim for disability under Title II, the ALJ was constrained by two important considerations. (Dkt. 14, Pg ID 596). The first was the principle of *res judicata*, restricting the agency from litigating issues that had previously been determined in a partially favorable decision in 2010. (Tr. 110-121); *Drummond v. Comm'r of Soc. Sec.*, 126

F.3d 837, 842-43 (6th Cir. 1997). The second—because plaintiff filed her application for Title II only benefits some two years after her date last insured—the ALJ, in part, had to determine whether plaintiff's disability began prior to her date last insured, March 31, 2011. *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir. 1984).

The Commissioner argues that the ALJ was bound by the 2010 finding that plaintiff did not have a severe impairment, and was not disabled (as of the date of the decision), absent a showing that her condition had worsened. (Tr. 114-21); *see Drummond*, 126 F.3d at 842-43; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993) (holding that plaintiff had to show that she was disabled during the relevant period and stating, "when a plaintiff previously has been adjudicated not disabled, she must show that her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity"); *Vesey v. Comm'r of Soc. Sec.*, 2012 WL 4475657, at *10 (E.D. Mich. Aug. 6, 2012). In addition, because this was a Title II only claim, the ALJ was required to determine if plaintiff's condition worsened to the point of disability prior to her date last insured on March 31, 2011. *See Garner*, 745 F.2d at 390.

Alternatively, the Commissioner contends that, even if the ALJ was not required to follow the prior decision's findings, the ALJ found that the record did not support the severity of plaintiff's alleged symptoms prior to her date last

insured.  The ALJ found plaintiff's credibility was undermined by the lack of corroborating objective medical evidence prior to the date last insured, her gap in treatment, her high capacity to independently complete her activities of daily living, and treatment notes from February 2013 noting that her symptoms had suddenly increased within the preceding six to eight months, after the date last insured.  According to the Commissioner, the record did not establish that plaintiff experienced any functional limitations from her physical or mental medically determinable impairments prior to her date last insured, thus she did not have any severe impairments and was not disabled within the meaning of the Act.  (Tr. 43).

Plaintiff's arguments only address the alternative basis of the ALJ's finding of non-disability.  She makes no argument that the evidence submitted, from after the date last insured, even showed changed circumstances, let alone a disability prior to March 2011.  *See Vesey*, 2012 WL 4475657, at *10; *Garner*, 745 F.2d at 390.  The Commissioner argues that the Court could affirm the ALJ's decision based on collateral estoppel alone, without addressing the second reason for the ALJ's finding of non-disability and the arguments raised in plaintiff's brief.  The Commissioner addresses the remaining arguments nonetheless.

Plaintiff argues that the ALJ failed to properly consider the reason for the gaps in her medical treatment, and therefore improperly evaluated her reasons for his credibility finding.  The Commissioner counters by arguing that

"[t]he issue of poverty as a legal justification for failure to obtain treatment does not arise unless a claimant is found to be under a disabling condition." *Strong v. Soc. Sec. Admin.*, 88 Fed. Appx. 841, 846 (6th Cir. 2004) (citing *McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990)). And it was not improper for the ALJ to consider the absence of contemporaneous evidence in evaluating Plaintiff's credibility as to her allegedly disabling pain and other symptoms. *Id.* According to the Commissioner, "[i]n the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of [disability]." *Id.* Plaintiff did not allege that she could not at least afford an examination during the relevant period, regardless of her ability to afford the actual treatment. *Id.* Finally, the Commissioner argues, as in *Strong*, the ALJ gave additional reasons for finding plaintiff less than credible and her "failure to seek medical examination or treatment" was not a "determinative factor" in the assessment. *Id.*

The Commissioner contends that "an ALJ is not required to accept [a claimant's] subjective complaints and may properly consider the credibility of [a claimant] when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003); *see also* SSR 96-7p, 1996 WL 374186, at *4(ALJ weighs plaintiff's credibility against all other evidence in the record).

Notably,

> statements about [a claimant's] pain or other symptoms
> will not alone establish that [she is] disabled; there must
> be medical signs and laboratory findings
> which show that [the claimant has] a medical
> impairment(s) which could reasonably be expected to
produce the pain or other symptoms alleged and which, when considered with all of
the other evidence (including statements about the intensity and persistence of your
pain or other symptoms which may reasonably be
> accepted as consistent with the medical signs and
> laboratory findings), would lead to a conclusion that [the
> claimant is] disabled." 20 C.F.R. § 404.1529(a).

Further, at step two, it was plaintiff's burden to provide medical evidence to show

the existence of a "severe" impairment—i.e., "any impairment or combination of

impairments which significantly limits [the claimant's] ability to do basic work

activities." 20 C.F.R. § 404.1520(c); 42 U.S.C. § 423(d)(1)(A). The mere

existence of a medical impairment, however, cannot establish that a claimant has

significant limitations in performing basic work activities. *Cf. Higgs v. Bowen*, 880

F.2d 860, 863 (6th Cir. 1988); *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988).

Plaintiff cites to the following medical evidence in support of her argument

that the ALJ improperly found that her impairments were non-severe prior to

March 2011: (1) records from February 2013, which state that her left shoulder

condition improved after her surgeries, but started to get worse two years prior (Tr.

302); (2) Dr. Pasupleti's records that show positive objective medical findings

compatible with left medial antebrachial cutaneous nerve dysfunction (Tr. 332,

401-03); (3) a November 2013 examination documenting degenerative conditions

of her cervical and thoracic spine (Tr. 353-56); and (4) a left shoulder x-ray taken

in May 2010 and a lumbar x-ray from September 2010 (Tr. 301-05).  However, the

Commissioner urges, where medical records "contain no information regarding

physical limitations or the intensity, frequency, and duration of pain associated

with a condition, [the Sixth Circuit] has regularly found substantial evidence to

support a finding of no severe impairment." *Long v. Apfel*, 1 Fed. Appx. 326, 331

(6th Cir. 2001); *Maloney v. Apfel*, 211 F.3d 1269, 420700, at *2 (6th Cir. Apr. 14,

2000); *Despins v. Comm'r of Soc. Sec.*, 257 Fed. Appx. 923, 930 (6th Cir. 2007).

The Commissioner contends that, other than plaintiff's testimony, the objective

medical evidence does not "shed light on any limitation[s] [she] experienced due to

her [neuropathy or sacrolitis prior to her date last insured,]" particularly any that

would affect her ability to work.  *Despins*, 257 Fed. Appx. at 931; *Longworth v.

Comm'r of Soc. Sec.,* 402 F.3d 591, 596 (6th Cir. 2005).  According to the

Commissioner, that objective evidence alone, which was at least considered by the

ALJ, does not show a worsening condition prior to the expiration of her insurance

to the point of satisfying the definition of severity under the Act.

     Plaintiff argues that the ALJ improperly assigned "little weight" to

treating physician Dr. Steibel's opinion, which "would seem to preclude all work."

The Commissioner argues that the ALJ properly assigned the opinion "little

weight" as it was not an opinion as to plaintiff's functional limitations prior to March 2011, when her insured period expired. (Tr. 42, 559-62). The Commissioner contends that, even if the restrictive limitations in Dr. Steibel's opinion may have been supported by his treatment notes from January 2014 through the date of the opinion, there is nothing in the opinion that supports an argument that plaintiff was so restricted in 2010 and 2011. (Tr. 559-62); *see Johnson v. Comm'r of Soc. Sec.*, 535 Fed. Appx. 498, 506 (6th Cir. 2013) (ALJ properly assigned reduced weight to a medical opinion rendered well after the date last insured where it likely described a deterioration of plaintiff's condition, rather than the condition during the time period in question).

According to the Commissioner, the ALJ properly terminated the sequential evaluation at step two, adopting the finding of non-disability from the 2010 ALJ decision, because there was not sufficient evidence to show that plaintiff's impairments affected her ability to do work-related activities prior to her date last insured. Plaintiff did not meet her burden to establish disability.

## II.  DISCUSSION

### A.    Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court.  *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et*

*seq*.).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in

substantial gainful activity, benefits are denied without
further analysis.

Step Two:  If the claimant does not have a severe
impairment or combination of impairments, that
"significantly limits ... physical or mental ability to do
basic work activities," benefits are denied without further
analysis.

Step Three:  If plaintiff is not performing substantial
gainful activity, has a severe impairment that is expected
to last for at least twelve months, and the severe
impairment meets or equals one of the impairments listed
in the regulations, the claimant is conclusively presumed
to be disabled regardless of age, education or work
experience.

Step Four:  If the claimant is able to perform his or her
past relevant work, benefits are denied without further
analysis.

Step Five: Even if the claimant is unable to perform his or
her past relevant work, if other work exists in the national
economy that plaintiff can perform, in view of his or her
age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20

C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.    <u>Analysis and Conclusions</u>

Generally, principles of *res judicata* require that the administration be bound by a prior decision unless a change of circumstances is proven on a subsequent application. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). In *Drummond*, the Sixth Circuit held that Social Security claimants and the Commissioner are barred from re-litigating issues that have previously been determined at the administrative level. *Drummond*, 126 F.3d at 842; *see also* 42 U.S.C. § 405(h) ("The findings and decision of the Commissioner of Social

Security after a hearing shall be binding on all individuals who were parties to such hearing."); Acquiescence Ruling 98-3(6), 63 FR 29770-01, 1998 WL 274051 (Soc. Sec. Admin. June 1, 1998); Acquiescence Ruling 98-4(6), 63 FR 29771-01, 1998 WL 274052 (Soc. Sec. Admin. June 1, 1998).  Where a claimant who has previously been adjudicated "not disabled" seeks to avoid application of *res judicata*, he must provide proof that his condition has worsened since the date of the prior decision to such a degree that he is no longer capable of engaging in substantial gainful activity.  *Pinkett v. Commr. of Soc. Sec.*, 2016 WL 5369611, at *3 (E.D. Mich. Sept. 26, 2016) (citing *Vesey v. Comm'r of Soc. Sec.*, 2012 WL 4475657, at *10 (E.D. Mich. Aug. 6, 2012)).

On March 15, 2010, ALJ Halperin determined that plaintiff's shoulder condition met the listed impairment 1.07 from April 2, 2006 until February 1, 2008 but that plaintiff's medical condition improved such that she no longer met the listed impairment 1.07 after February 2, 2008.  (Tr. 118-119).  The 2010 ALJ also determined that plaintiff had not developed any new impairments since February 2, 2008, and that, as of that date, her impairments did not cause more than minimal limitation in her ability to perform basic work activities; thus, as of February 2, 2008, plaintiff had no severe impairments.  (Tr. 119-120).

Current ALJ Sloss was bound by this determination unless he found new and material evidence of changed circumstances.  Noting his responsibility under

Acquiescence Rulings 98-4(6) and *Drummond, supra*, ALJ Sloss found that the record did not demonstrate that plaintiff's condition worsened between ALJ Halperin's decision (March 15, 2010) and plaintiff's date last insured (March 31, 2011), and he therefore found the prior decision to be binding and adopted it in full. (Tr. 40). The ALJ supported this finding by pointing out that plaintiff had not been examined by a physician or sought treatment for her conditions in the one year window between the prior decision and her date last insured. (Tr. 42). Accordingly, plaintiff could provide no objective medical evidence demonstrating a deterioration of her shoulder within the relevant period. (Tr. 42-43). The new medical evidence plaintiff did submit covered periods far outside her period of eligibility for disability, namely 2012 to the date of the hearing. (Tr. 43).

Likewise, the ALJ correctly afforded little weight to the medical source statement from plaintiff's treating physician because it addresses her condition as of January 2015. (*Id*.) Nothing in the statement suggests that the physician's opinions are retrospective to the period between March 2010 and March 2011. (Tr. 530-534). Indeed, Dr. Stiebel did not begin treating plaintiff until 2014. (Tr. 446-491).

The only support for worsening of condition during the relevant time period came from plaintiff's testimony, which the ALJ found less than fully credible. An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability.

*Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003); *see also* SSR 96-7p, 1996 WL 374186, at *4 (ALJ weighs plaintiff's credibility against all other evidence in the record). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). In support of his credibility determination, the ALJ cited significant gaps in plaintiff's medical treatment, her high capacity to independently complete her activities of daily living, an alleged return to work after her closed period of benefits ended in 2008 and her admission in February 2013 treatment notes that her symptoms "suddenly increased" within the previous six to eight months. (Tr. 43).

Plaintiff argues that the ALJ erred in discrediting her based on the gaps in her medical treatment without considering her lack of medical insurance. A claimant's failure to seek treatment "may cast doubt on a claimant's assertions of disabling pain." *Strong v. Soc. Sec. Admin.*, 88 Fed.Appx. 841, 846 (6th Cir. 2004) (citing *Williams v. Bowen*, 790 F.2d 713, 715 (8th Cir. 1986); *Kimbrough v. Sec'y of Health & Human Servs.*, 801 F.2d 794, 797 (6th Cir. 1986)). An ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p, 1996 WL 374186, at *7. Notwithstanding, "[t]he

issue of poverty as legal justification for failure to obtain treatment does not arise unless a claimant is found to be under a disabling condition." *Strong*, 88 Fed. Appx. at 846 (citing *McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990)). Moreover, the Sixth Circuit has upheld the ALJ's credibility determination where a lack of medical treatment was not a "determinative" factor in the ALJ's credibility determination. *Id*. (affirming the district court's denial of the claimant's motion for summary judgment, in part, because "the ALJ's opinion does not suggest that he regarded Claimant's failure to seek medical examination or treatment as 'a determinative factor' in his credibility assessment"). In this case, plaintiff was not found to be suffering from a severe impairment and her lack of medical treatment was only one factor in the ALJ's credibility determination. Accordingly, the ALJ did not commit reversible error in considering the gap in medical treatment in his credibility determination. *See Bott v. Colvin*, 2017 WL 2806822, at *11 (E.D. Mich. May 31, 2017), report and recommendation adopted sub nom. *Bott v. Commr. of Soc. Sec.*, 2017 WL 2798563 (E.D. Mich. June 28, 2017); *see also Strong*, 88 Fed. Appx. at 846.

Plaintiff also disputes the assertion that she ever returned to work, and the Commissioner acknowledges that the ALJ's finding is unsubstantiated in the record. (Dkt. 14, Pg ID 600). The undersigned agrees with the Commissioner that the ALJ's reliance on this factor in his credibility determination is, at most, harmless

error because it was but one of several factors undermining plaintiff's credibility. *Ulman v. Comm'r of Soc. Sec.* 693 F.3d 709, 714 (6th Cir. 2012). As long as there remains substantial evidence supporting the ALJ's conclusions on credibility, the error does not negate the validity of the ALJ's ultimate credibility conclusion. *Id*. The ALJ's reliance on plaintiff's abilities to complete her activities of daily living (including cooking, driving a car and shopping for groceries) (Tr. 41), as well as her statements contained in her treatment record (Tr. 274) suggesting her symptoms worsened long after the onset date that she advanced in her testimony is sufficient to support his credibility determination.

Finally, plaintiff argues that the ALJ's finding of two new impairments, neuropathy in the left shoulder, and sacroiliitis, not found to exist at the time of the March 2010 decision, certainly indicates a change of circumstances sufficient to relieve plaintiff from the binding effect of the prior decision. Although this argument is superficially inviting, a more careful examination reveals the same flaw evident throughout plaintiff's other arguments. ALJ Sloss' identification of the two new conditions originated from the objective medical evidence submitted from periods (2012-2015) far after plaintiff's date last insured. (Tr. 43). In other words, the evidence establishes that plaintiff **now** suffers from two new medically determinable impairments, but does not suggest these new impairments existed prior to the expiration of plaintiff's eligibility for disability benefits. For this reason, the

newly-identified medically determinable impairments are not germane to the *Drummond* analysis.

In sum, plaintiff has failed to demonstrate that her condition worsened between the date of the prior decision and her date last insured. Accordingly, the ALJ's decision to adhere to the conclusions of the prior decision, specifically that plaintiff had no severe impairments as of March 16, 2015, must be affirmed. *See Pinkett,* 2016 WL 5369611, at *4.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 18, 2017      s/Stephanie Dawkins Davis
               Stephanie Dawkins Davis
               United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on August 18, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood
Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
