UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER N. MONVILLE,

       Plaintiff,

                                                      Civil Case No. 16-12195
v.                                                 Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S AUGUST 18, 2017 REPORT AND RECOMMENDATION [ECF NO. 17]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 10]; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 14]; AND (4) AFFIRMING DEFENDANT'S DECISION DENYING PLAINTIFF SOCIAL SECURITY BENEFITS</u>**

      Plaintiff filed a Title II application for disability insurance benefits on August 21, 2013, alleging that she became disabled on March 16, 2010. The Social Security Administration denied Plaintiff's application for benefits initially on September 25, 2013. Upon Plaintiff's request, Administrative Law Judge Andrew G. Sloss ("ALJ Sloss") conducted a de novo hearing on March 5, 2015. ALJ Sloss issued a decision on March 16, 2015, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. ALJ Sloss' decision became the final decision of the Social Security Commissioner ("Commissioner") on May 20, 2016, when the Social Security Appeals Council

denied review.  Plaintiff initiated this lawsuit seeking judicial review of the Commissioner's unfavorable decision on June 15, 2016.

Thereafter, both parties filed motions for summary judgment.  (ECF Nos. 10, 14.)  The Court has referred this matter to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 13.)  On August 18, 2017, Magistrate Judge Davis filed her R&R recommending that this Court deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's decision finding Plaintiff not disabled under the Social Security Act.  (ECF No. 17.)  At the conclusion of the R&R, Magistrate Judge Davis advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  Plaintiff filed objections to the R&R on August 31, 2017.  (ECF No. 18.)

## STANDARD OF REVIEW

The Social Security Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). Courts are to review the entire administrative record to determine whether the ALJ's decision is supported by substantial evidence, but may "not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

If substantial evidence supports the Commissioner's decision, a reviewing court generally must affirm. *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). However, where the ALJ failed to follow the Social Security Act's procedural regulations, the ALJ's decision must be reversed

even if the decision is supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

A court reviews de novo the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, a reviewing court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). If the agency determines that the claimant is disabled or not disabled at a step, it need not proceed further. *Id*. However, if the agency does not find that the claimant is disabled or not disabled at a step, it must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In Plaintiff's case, the doctrine of res judicata constrained ALJ Sloss' application of the five-step sequential evaluation process because Plaintiff

4

previously filed a claim for social security benefits for which she received a partially favorable decision in March 2010. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842-43 (6th Cir. 1997) (holding that adjudicators must adopt the final decision by an ALJ or the Appeals Council on a prior claim in determining whether the claimant is disabled with respect to an unadjudicated period absent new and material evidence). In that 2010 decision, the Commissioner granted Plaintiff a closed period of disability from April 2, 2006 through February 2, 2008, finding that all of Plaintiff's impairments (i.e., non-union fracture of shoulder/collar bone and depression) were nonsevere after she admittedly achieved medical improvement on the latter date. (A.R. at 114-121, ECF No. 7-3 at Pg ID 138-45.) ALJ Sloss was required to follow the prior 2010 decision unless Plaintiff demonstrated by clear and convincing evidence that "her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232-33 (6th Cir. 1993).

Applying the five-step sequential evaluation process, ALJ Sloss first considered whether Plaintiff was currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i), (b). ALJ Sloss concluded that Plaintiff had not engaged in substantial gainful activity during the relevant period—that is, from her alleged onset date of March 16, 2010 through her date last insured of March 31,

5

2011.  (A.R. at 39, ECF No. 7-2 at Pg ID 62.)  At the second step, ALJ Sloss considered whether Plaintiff had a severe medically determinable physical or mental impairment during the relevant period that met the duration requirement of the regulations and significantly limited her ability to do basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).  ALJ Sloss concluded that Plaintiff had the following impairments through the date last insured:  neuropathy in the left shoulder, sacroiliitis, and depression.  (A.R. at 40, ECF No. 7-2 at Pg ID 63.)  However, ALJ Sloss concluded that Plaintiff did not present evidence to show that her impairments worsened since the 2010 disability decision to the point where they significantly limited her ability to do basic work activities by her date last insured.  (*Id.*)  ALJ Sloss therefore held that Plaintiff's impairments were not severe and she was not disabled under the Social Security Act from the alleged onset date through the date last insured.  (*Id.* at  A.R. 40, 43, ECF No. 7-2 at Pg ID 63, 66.)  As such, ALJ Sloss did not analyze the remaining three steps of the five-step sequential process.[1]

---

[1] At the third step, ALJ Sloss would have again considered the medical severity of Plaintiff's impairments to determine whether the impairments met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii), (d).  If any of Plaintiff's impairments met any Listing, she would have been found disabled regardless of other factors.  *Id*. At the fourth step, ALJ Sloss would have assessed Plaintiff's residual functional capacity ("RFC") and past relevant work to determine whether she could perform her past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv), (e).  At the fifth step, ALJ Sloss would have considered Plaintiff's residual functional capacity, age, education, and

6

In her thorough analysis, Magistrate Judge Davis rejects Plaintiff's challenges to ALJ Sloss' decision. Magistrate Judge Davis first finds no error in ALJ Sloss' determination that Plaintiff failed to show a worsening in her shoulder condition since the March 2010 disability decision, as she provided no objective medical evidence demonstrating a deterioration of her shoulder within the relevant period and the only medical evidence presented covered periods far outside her period of eligibility for disability. (R&R at 18-19, ECF No. 17 at Pg ID 630-31.) Magistrate Judge Davis concludes that ALJ Sloss correctly afforded little weight to the medical source statement from Plaintiff's treating physician because it addressed Plaintiff's condition as of January 2015 and the physician had not started treating Plaintiff until 2014—well outside the relevant period for coverage. (*Id.*) Although acknowledging that Plaintiff's testimony supported a worsening of her condition during the relevant period, Magistrate Judge Davis finds no error in ALJ Sloss' decision to find the testimony less than fully credible. (*Id*. at 19-21, ECF No. 17 at Pg ID 631-33.) Finally, Magistrate Judge Davis rejects Plaintiff's argument that ALJ Sloss' finding of two new impairments since the 2010 decision (neuropathy in the left shoulder and sacroiliitis) demonstrated a change of

---

past work experience to see if she could do other work. 20 C.F.R.
§ 404.1420(a)(4)(v), (f). If there was no such work that Plaintiff could perform,
ALJ Sloss would have found her disabled. *Id*.

7

circumstances sufficient to relieve Plaintiff from the res judicata effects of the prior decision. (*Id*. at 22, ECF No. 17 at Pg ID 634.)

Plaintiff raises four objections to the R&R.

**<u>Objection #1</u>**

Plaintiff first objects to Magistrate Judge Davis' conclusion that Plaintiff failed to provide objective medical evidence showing a deterioration of her shoulder condition within the relevant period. Plaintiff argues, as she did in her motion for summary judgment, that a favorable decision can be rendered on a remote onset date even when it may be difficult to establish the precise onset date.

Social Security Ruling 83-20 applies where the ALJ determines that the claimant is disabled and the question arises as to when the disability arose. *See* SSR 83-20, 1983 WL 31249. The Sixth Circuit has acknowledged, however, that "this policy statement applies only when there has been a finding of disability and it is necessary to determine when the disability began." *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997). Where there is no finding that the claimant is disabled, "no inquiry into onset date is required." *Id*. Here, ALJ Sloss did not find Plaintiff disabled prior to the date last insured and thus Social Security Ruling 83-20 has no bearing on her case.

8

## Objection #2

In her second objection, Plaintiff takes issue with ALJ Sloss' evaluation of the opinion from her treating physician, Dr. Ken Stiebel. Plaintiff contends that it was error for ALJ Sloss to give little weight to Dr. Stiebel's opinion because it appeared to not address the relevant period. Plaintiff argues that this conclusion was speculative.

Dr. Stiebel did not begin treating Plaintiff until January 2014, however, nearly three years after the date last insured. (A.R. at 449-91, ECF No. 7-7 at Pg ID 477-519.) Dr. Stiebel completed his medical source statement for Plaintiff in January 2015. (A.R. at 530-34, ECF No. 7-7 at Pg ID -531-34.) There is nothing in this statement to suggest that he was offering an opinion regarding Plaintiff's limitations prior to that date. As such, his opinion post-dates the benefits period.

It was not error for ALJ Sloss to refuse to extrapolate from Dr. Stiebel's opinion some other conclusion about Plaintiff's condition during the relevant period. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (treating physician opinion rendered eight months after expiration of insured status was minimally probative where the claimant suffered from degenerative disorders); *Swain v. Comm'r of Soc. Sec'y*, 379 F. App'x 512, 517 (6th Cir. 2010) (indicating that the Sixth Circuit "has held that a treating physician's opinion is minimally probative when the physician began treatment

after the expiration of the claimant's insured status."). In other words, ALJ Sloss was not required to conclude from Dr. Stiebel's opinion that Plaintiff must have suffered the same impairments from her chronic conditions during the covered period. Because his opinion did not address Plaintiff's condition during her insured status, the ALJ had "good reasons" for giving that opinion little weight.

### Objection #3

Plaintiff contends in her third objection that substantial evidence did not support ALJ Sloss' credibility assessment.

As an initial matter, the Sixth Circuit has held that an ALJ is in the best position to observe a witness' credibility and to make an appropriate evaluation as to her credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Thus, an ALJ's credibility determination should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). For the reasons that follow, the Court concludes that Plaintiff does not provide a compelling reason for rejecting ALJ Sloss' credibility assessment.

First, the Court adopts Magistrate Judge Davis' analysis of Plaintiff's claim of error based on ALJ Sloss' consideration of the gaps in her medical treatment. For the reasons set forth in Magistrate Judge Davis' R&R (*see* R&R at 20-21, ECF No. 17 at Pg ID 632-33), ALJ Sloss did not err in considering Plaintiff's failure to seek medical treatment for a significant period. Moreover, even if it was error for

ALJ Sloss to consider the gaps in Plaintiff's medical treatment, such error was harmless because his credibility determination was based on at least three additional factors: the lack of corroborating objective medical evidence in the record, Plaintiff's high capacity to independently complete her activities of daily living, and Plaintiff's admission during treatment in February 2013 that her symptoms "suddenly increased" within the preceding six to eight months.

Plaintiff argues that ALJ Sloss' reliance on her daily living activities "is not well placed" because "[n]othing in the daily activities mentioned by the [ALJ] suggest or show an ability to work 40 hours a week." (Obj. at 3-4, ECF No. 18 at Pg ID 640-41.) Regardless of whether Plaintiff's daily activities reflect her ability to work full-time, they are relevant to assessing her credibility regarding her complaints of pain and limitations. In fact, the Social Security regulations expressly require an ALJ to consider daily activities when assessing the claimant's credibility with respect to his or her pain and symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

Plaintiff also argues that ALJ Sloss erred by finding her credibility undermined by the entry in a 2013 medical record that her symptoms "suddenly increased" within the preceding six to eight months where another statement in the same record indicated that her pain related to her Bracial Plexis injury improved after prior surgeries "until about 2 years ago." (A.R. at 274, ECF No. 7-7 at Pg ID

11

302.) The statement regarding Plaintiff's improvement until about two years earlier does not support that Plaintiff suffered the degree of pain she claimed prior to her date last insured, however. In other words, while Plaintiff's improvement from surgery may have ceased two years earlier, this does not mean that her pain or symptoms were severe at that point. As such, this entry does nothing to support or undermine her credibility. That Plaintiff told her doctor she experienced a sudden increase in left arm pain about six to eight months earlier, on the other hand, does undermine her claim that she experienced severe pain prior to the date last insured. For these reasons, the Court finds no error in ALJ Sloss' treatment of this medical record in evaluating Plaintiff's credibility.

**<u>Objection #4</u>**

In her final objection, Plaintiff argues that the ALJ erred when he concluded that she had two medically determinable impairments not found to exist at the time of the March 2010 decision, but that they did not exist prior to her date last insured. According to Plaintiff, these are chronic, degenerative conditions that would have been present for some time before their diagnosis.

ALJ Sloss found from Plaintiff's medical records that she was diagnosed with sacroiliitis in 2008 and that she developed additional medically determinable impairments "long after the date last insured." (A.R. at 40, ECF No. 7-2 at Pg ID 63.) Absent evidence that these additional impairments existed prior to the

expiration of Plaintiff's eligibility for disability benefits *and* that they significantly limited Plaintiff's ability to perform basis work during that period, it was not error for ALJ Sloss to conclude that they had no bearing on his res judicata analysis. In other words, as discussed earlier, in order to avoid the previous adjudication that she was not disabled, Plaintiff had to provide proof that her condition worsened since the March 2010 decision to such a degree that she was no longer capable of engaging in substantial gainful activity. Thus, regardless of whether Plaintiff developed these medically determinable impairments prior to her date last insured or after, the determining question is whether those impairments were severe. Plaintiff failed to present clear and convincing evidence to show that they were.

## **CONCLUSION**

For the reasons stated above, the Court rejects Plaintiff's objections to Magistrate Judge Davis' August 18, 2017 2017 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 10) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 14) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's decision denying Plaintiff's application for benefits under the Social Security Act is **AFFIRMED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 15, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 15, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager